UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:11-CR-106-SDJ |
| | § | |
| RODNEY LEWIS WOODS (8) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Rodney Lewis Woods's Motion for Modification
of Sentence of Imprisonment. (Dkt. #320). The Government filed a response in
opposition, (Dkt. #322), to which Woods filed a reply, (Dkt. #323). The Court, having
considered the motion, the subsequent briefing, and the applicable law, **DISMISSES**
the motion for lack of jurisdiction.

### I. BACKGROUND

Woods is currently serving a 200-month term of imprisonment at FMC Fort
Worth for conspiracy to possess with intent to distribute 100 kilograms or more of
marijuana, in violation of 21 U.S.C. §§ 841(a) and 846. Woods avers that, at the time
the instant motion was filed, he had served approximately eighty-four months of his
sentence. Citing risks to his health associated with the COVID-19 pandemic and
relying on 18 U.S.C. § 3582(c)(1)(A), Woods requests that the Court reduce his
sentence of imprisonment to a period of supervised release or probation equal in
length to the remainder of his current sentence.[1]

---

[1] Woods also requests in the alternative that the Court release him to home
confinement for the remainder of his sentence. However, as explained in the Court's order
dismissing Woods's Motion for Emergency Furlough to Home Confinement, (Dkt. #321), the
Court lacks jurisdiction to decide where Woods serves his sentence.

Woods submitted a Request for Emergency Furlough Transfer to Home Confinement Placement to his warden on April 1, 2020, arguing that the risk created by the COVID-19 pandemic constitute extraordinary and compelling reasons warranting a transfer to home confinement for the remainder of Woods's sentence. (Dkt. #320-1 at 4). Woods did not receive a response from the warden within thirty days. Woods then filed the request in this Court as a pro se Motion for Emergency Furlough to Home Confinement, (Dkt. #318), which the Court dismissed after concluding that it lacked jurisdiction to decide where Woods serves his sentence. (Dkt. #321). Woods now returns to this Court seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), arguing that his health conditions, combined with the risks created by the current COVID-19 pandemic, present extraordinary and compelling reasons warranting a reduction in his sentence.

## II. DISCUSSION

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance, invoked by Woods, arises from 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment when "extraordinary and compelling reasons" for a reduction exist that are "consistent with applicable policy statements issued by the Sentencing Commission," and other procedural and substantive requirements are met. 18 U.S.C. § 3582(c)(1)(A).

Although Woods has met Section 3582(c)(1)(A)'s exhaustion requirement, he has not met the statute's requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a modification of his sentence. Woods's motion must therefore be dismissed for lack of jurisdiction.

**A. Woods Has Met Section 3582(c)(1)(A)'s Exhaustion Requirement.**

Woods's modification-of-sentence motion may be considered only if he first meets Section 3582(c)(1)(A)'s exhaustion requirement. The statute provides that a court may not consider any modification to a defendant's sentence under Section 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The Director of the BOP may request a sentence reduction in court at any time. *Id.* A defendant may also make such a request, but only after fully exhausting remedies within the BOP or after thirty days have passed since he or she sought administrative remedies. *Id.*[2]

On April 1, 2020, Woods submitted a request to his warden to be released to home confinement under the First Step Act based on concerns relating to COVID-19. (Dkt. #320-1). Woods did not receive a response. Woods then filed the current motion on May 19, 2020—more than thirty days after he submitted his request to his warden. Woods has therefore met Section 3582(c)(1)(A)'s exhaustion requirement.

---

[2] In 2018, Congress passed the First Step Act, Pub. L. 115-391, 132 Stat. 5194, which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant, in addition to the Director of the BOP, to move for a sentence reduction.

**B. Woods Has Not Met Section 3582(c)(1)(A)'s Requirements for Sentence Modification.**

    **1. Woods must meet Section 3582(c)(1)(A)'s requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of his sentence.**

Under Section 3582(c)(1)(A)(i), a district court may grant a sentence reduction if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Congress did not define what constitute "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A), but rather delegated that authority to the Sentencing Commission. In 28 U.S.C. § 994(a)(2), Congress granted the Commission broad authority to promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in [18 U.S.C. § 3553(a)(2)]." And, as particularly relevant here, in 28 U.S.C. § 994(t), "Congress instructed the Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction [under Section 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples.'" *United States v. Garcia,* 655 F.3d 426, 435 (5th Cir. 2011) (quoting 28 U.S.C. § 994(t)).

The Commission's policy statements, issued under 28 U.S.C. § 994(t), are binding concerning what should be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). As the Fifth Circuit has explained, "a common sense reading" of Section 3582(c)(1)(A)'s phrase that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," is that, "regardless of whether Congress wanted [the Commission's] policy statements to be binding in the sentencing context, it wished them to be binding in § 3582(c) proceedings." *Id*. "If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding." *Id*.; *see also Dillon*, 560 U.S. at 827 (explaining that the Commission's pertinent policy statements are binding on courts where 18 U.S.C. § 3582(c)(2)—using the same language as Section 3582(c)(1)(A)—permits a sentencing reduction based on a retroactive guidelines amendment only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Thus, Woods cannot obtain a sentence reduction under Section 3582(c)(1)(A) merely by asserting reasons that he, or for that matter this Court, might believe are sufficiently "extraordinary and compelling" to justify a sentence reduction. Instead, under the plain text of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(t), as well as controlling precedent, Woods's proffered reasons must be consistent with the Sentencing Commission's applicable policy statement concerning what should be

considered extraordinary and compelling reasons for a sentence reduction under Section 3582(c)(1)(A).

> ## 2. Woods fails to satisfy Section 3582(c)(1)(A) because his alleged "extraordinary and compelling reasons" for sentence reduction are not "consistent with applicable policy statements issued by the Sentencing Commission."

Woods's modification-of-sentence motion turns on his assertion that the risks to his health associated with COVID-19, coupled with his preexisting health conditions, constitute extraordinary and compelling reasons to reduce his sentence. Woods's assertion fails because it is untethered to the Sentencing Commission's binding applicable policy statement in Section 1B1.13 of the Sentencing Guidelines. Section 1B1.13 describes what are considered "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A)(i) and provides no basis for a reduction based on the threat of COVID-19.

Section 1B1.13 allows a sentence reduction for "extraordinary and compelling reasons" only if the reasons are "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3).[3] Application note 1 to the policy statement explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below," which include only: (a) a defendant suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to

---

[3] The policy statement is binding under the express terms of Section 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Dillon*, 560 U.S. at 824–28 (rejecting the proposed application of *Booker* in the related context of a proceeding under Section 3582(c)(2)); *United States v. Doublin*, 572 F.3d 235, 237–39 (5th Cir. 2009) (rejecting application of *Booker* to sentence reductions under 18 U.S.C. § 3582).

provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) a defendant at least 65 years old who "is experiencing a serious deterioration in physical or mental health because of the aging process" and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) a defendant who has minor children without a caregiver or with an incapacitated spouse or partner who needs the defendant to be the caregiver; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.*, n.1(A)–(D).

Consistent with the application note, the BOP has issued Program Statement 5050.50 ("PS 5050.50"), which describes the BOP's consideration of compassionate-release requests. PS 5050.50, which was amended effective January 17, 2019, following the passage of the First Step Act, sets forth in detail the BOP's definition of circumstances that may support a request for compassionate release, limited to the same bases identified by the Commission: serious medical conditions, advanced age, and family circumstances.[4] *See* PS 5050.50 ¶¶ 3–6.

Neither the Commission's policy statement nor PS 5050.50 provide a basis for compassionate release based on Woods's COVID-19 concerns. Instead, the grounds for release are limited to individual circumstances involving health, age, family

---

[4] PS 5050.50 also requires consideration of a list of nonexclusive factors: "the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense." *United States v. Saldana*, 807 F.App'x 816, 819 (10th Cir. 2020) (quoting PS 5050.50 ¶ 7).

responsibilities, and other reasons as determined by the Director of the BOP. For this reason, courts have concluded that an inmate's concerns about risks associated with the spread of COVID-19 are not consistent with the policy statement of the Commission as required by Section 3582(c)(1)(A). *See, e.g., United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); *United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Because Woods's compassionate-release motion seeks a sentence reduction based on alleged "extraordinary and compelling reasons" that are not "consistent with applicable policy statements issued by the Sentencing Commission," he fails to meet the requirements of Section 3582(c)(1)(A)(i).[5]

### 3. The First Step Act did not alter the substantive criteria for compassionate release under Section 3582(c)(1)(A).

Woods points to cases where district courts have concluded that the risks associated with the COVID-19 pandemic constitute extraordinary and compelling reasons justifying release. Many of these cases conclude that the policy statements in

---

[5] Given Woods's failure to meet Section 3582(c)(1)(A)'s requirements, the Court need not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction.

the sentencing guidelines are no longer binding on courts considering compassionate-release motions because the First Step Act was passed after the most recent iteration of the sentencing guidelines. *E.g., United States v. Rodriguez*, 451 F.Supp.3d 392, 395 (E.D. Pa. 2020). In other words, these cases hold that, following the passage of the First Step Act, district courts now have discretion to determine for themselves what factors constitute "extraordinary and compelling reasons" warranting a sentence reduction. This Court respectfully disagrees.

The conclusion that the First Step Act permits district courts to determine what constitute extraordinary and compelling reasons fails to recognize the difference between the First Step Act's amendments to the procedural requirements for seeking compassionate release in district court and the unamended substantive requirements that permit courts to grant compassionate release. The First Step Act amended Section 3582(c)(1)(A) to permit a defendant to move the district court directly for compassionate release, overriding those parts of Section 1B1.13 of the Sentencing Guidelines providing that only the Director of the BOP may file such motions. *See supra* n.2. The First Step Act amendments to Section 3582(c)(1)(A), however, did not change the substantive criteria that district courts must apply in making those decisions. The amendments also did not shift the authority to develop such criteria from the Sentencing Commission to the courts.[6]

---

[6] To the contrary, the First Step Act left unchanged two critical statutory commands vesting the Commission, not courts, with authority to set the applicable standard for "extraordinary and compelling reasons" warranting a sentence reduction. First, any sentence reduction under Section 3582(c)(1)(A) must still be "consistent with applicable policy statements issued by the Sentencing Commission." Second, "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions

Overreading the First Step Act's procedural revision concerning *who* may file a compassionate-release motion, the cases relied on by Woods conclude that the Act, without saying so, also effected a significant change to the *substantive criteria* supporting compassionate release. The fact that Congress's change to Section 3582's procedural mechanism necessarily overrides a Sentencing Commission policy statement concerning the same procedural mechanism cannot be translated into congressional intent to alter the statute's provisions governing the merits of compassionate-release motions.[7]

Congress decided to leave undisturbed both Section 3582's requirement that any reduction be consistent with the applicable policy statement and Section 994's authorization and directive to the Sentencing Commission to promulgate the policy statement. This decision cannot be ignored or elided by this Court. *See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media,* — U.S. —, 140 S.Ct. 1009, 1018, 206

---

in Section 3582(c)(1)(A) of Title 18, *shall describe what should be considered extraordinary and compelling reasons for sentence reduction*, including the criteria to be applied and a list of specific examples." 28 U.S.C. 994(t) (emphasis added).

[7] In this regard, when Congress passed the First Step Act, modifying Section 3582(c)(1)(A), it could have altered the statute's requirement that any sentence reduction must be consistent with the Commission's applicable policy statements. It did not. Congress also could have amended the provisions in 28 U.S.C. § 994 expressly vesting the Sentencing Commission with authority: (1) to issue policy statements regarding "the appropriate use" of Section 3582(c)'s sentence modification provisions, 28 U.S.C. § 994(a)(2)(C), and (2) to promulgate policy statements describing what should be considered extraordinary and compelling reasons for sentence reduction under Section 3582(c)(1)(A), *id.* § 944(t). Again, it did not.

Further, recent circuit precedent confirms that courts must still apply Section 1B1.13's substantive criteria to compassionate-release motions. *See United States v. Chambliss,* 948 F.3d 691, 693 (5th Cir. 2020) (discussing the First Step Act's procedural changes to Section 3582(c)(1)(A) and affirming the district court's denial of compassionate release, which applied Section 1B1.13's policy statement describing when extraordinary and compelling reasons exist for sentence modification).

10

L.Ed.2d 356 (2020) ("And where, as here, Congress has simultaneously chosen to amend one statute in one way and a second statute in another way, we normally assume the differences in language imply differences in meaning."). Likewise, this Court remains bound by circuit precedent confirming that the Sentencing Commission's policy statements are binding in Section 3582(c) proceedings. *See Garcia*, 655 F.3d at 435 ("If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding.").

Further, the Fifth Circuit recently approached a compassionate-release motion from the perspective that the sentencing guidelines are binding. *See generally United States v. Bell*, 823 F.App'x 283 (5th Cir. 2020) (per curiam). In *Bell*, the defendant sought to appeal the denial of his compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A) on the grounds that his sentence was "unduly long and [that] his guilty plea was not knowing and voluntary." *Id.* at 284. The Fifth Circuit dismissed the appeal as frivolous because the defendant's stated grounds for release were not any of the grounds contained in the commentary to U.S.S.G. § 1B1.3, and therefore, the stated grounds were not consistent with the policy statements of the Sentencing Commission as required by the statute. *Id.* While the court did not address the issue of whether the First Step Act changed the binding nature of the sentencing guidelines, an attempt to depart from the guidelines would not be considered frivolous unless the guidelines were binding.

11

For all of these reasons, the Court will adhere to the controlling text of Section 3582, together with Supreme Court and circuit precedent, confirming that any proposed sentence reduction under Section 3582(c)(1)(A) must be consistent with applicable policy statements issued by the Sentencing Commission.

## C. Woods's Motion Must Be Dismissed for Lack of Jurisdiction.

Because Woods's modification-of-sentence motion fails to meet the requirements of Section 3582(c)(1)(A), it must be dismissed for lack of jurisdiction. It is well-settled in the Fifth Circuit that 18 U.S.C. § 3582 sets out the limited instances in which a district court has jurisdiction to modify a term of imprisonment. *See, e.g.*, *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."); *United States v. Marion*, 79 F.App'x 46, 46 (5th Cir. 2003) (per curiam) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)) (stating that "Section 3582(c) limits sentence modification only to certain narrow circumstances, none of which are applicable in Marion's case," and dismissing the motion because it was "unauthorized and without a jurisdictional basis"). In a line of cases spanning over two decades, circuit case law has repeatedly reaffirmed that Section 3582 provides a limited grant of jurisdiction for a district court to modify a term of imprisonment.[8] *See, e.g.*, *United States v. Rene*,

---

[8] The Fifth Circuit recently held that Section 3582(c)(1)(A)'s requirement that a defendant exhaust administrative remedies with the BOP before filing a compassionate-release motion in federal court is "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020). However, *Franco* does not evince a departure

785 F.App'x 240, 240–41 (5th Cir. 2019) (per curiam); *Bridges*, 116 F.3d at 1112.

Because these cases speak in terms of Section 3582 as a whole, it follows that

Section 3582(c)(1)(A), and the limitations within, circumscribe the Court's

jurisdiction.

Under the rule of finality, "[f]ederal courts are forbidden, as a general matter,

to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United*

*States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (plurality op.)

(quoting 18 U.S.C. § 3582(c)); *see also Dillon*, 560 U.S. at 819 (same). This limitation

on federal courts' power is confirmed in the text of Section 3582. *See* 18 U.S.C.

§ 3582(c) (stating that, subject to certain exceptions, a court "may not modify a term

of imprisonment once it has been imposed").

This "rule of finality is subject to a few narrow exceptions." *Freeman*, 564 U.S.

at 526. Section 3582 provides such exceptions, including an exception allowing the

Director of the BOP, or a defendant who has fully exhausted all administrative rights,

to move for a modification of the defendant's imprisonment term based on the

existence of "extraordinary and compelling reasons" warranting a reduction of the

defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[9] If the text of an applicable

---

from the decades of precedent holding that Section 3582's substantive requirements are
jurisdictional.

[9] Beyond Section 3582, there are additional, limited exceptions to the finality rule. For
example, Federal Rule of Criminal Procedure 35(a) authorizes a district court to "correct a
sentence that resulted from arithmetical, technical, or other clear error," and Rule 35(b)
authorizes a district court to "reduce a sentence if the defendant, after sentencing, provided
substantial assistance in investigating or prosecuting another person."

exception is met, Section 3582 provides that the case falls within the district court's adjudicatory authority to modify the defendant's term of imprisonment. If the text of an applicable exception is not met, there is no jurisdictional basis for the court to modify the term of imprisonment given the longstanding, strict application of the finality rule.[10] Thus, the exceptions set forth in the text of Section 3582 serve to create jurisdiction to modify a defendant's term of imprisonment where no jurisdiction would otherwise exist under the finality rule.

Here, because Woods has failed to meet the controlling requirements for compassionate release set forth in Section 3582(c)(1)(A), his motion for compassionate release must be dismissed for lack of jurisdiction.

### III. Conclusion

It is therefore **ORDERED** that Defendant Rodney Lewis Woods's Motion for Modification of Sentence of Imprisonment, (Dkt. #320), is **DISMISSED for lack of jurisdiction**.

**So ORDERED and SIGNED this 2nd day of November, 2020.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[10] *See United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) (Easterbrook, J.), *overruled by Taylor*, 778 F.3d at 671 (7th Cir. 2015) (explaining that, "[b]ecause § 3582(c) limits the substantive authority of the district court, it is a real 'jurisdictional' rule, rather than a case-processing requirement").